UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ORVA E. MILLER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:10-CV-2 RM |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST, | ) | |
| | ) | |
| Defendant | ) | |

OPINION and ORDER

Orva Miller filed his complaint against Deutsche Bank National Trust, c/o Foutty & Foutty, LLP, in the LaGrange Circuit Court. Deutsche Bank removed the complaint to this court and then moved to dismiss Mr. Miller's complaint under Federal Rule of Civil Procedure 12(b)(5) for improper service and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In response, Mr. Miller, who represents himself, filed a motion to amend his complaint and a request that the court order Deutsche Bank to disclose the name and address of its registered agent. The court denied Mr. Miller's motion and request, *see* Ord. of Jan. 29, 2010, and he has filed nothing more.

Deutsche Bank seeks dismissal of Mr. Miller's complaint because Mr. Miller didn't serve his complaint properly as Federal Rule of Civil Procedure 4(h) and Indiana Rule of Trial Procedure 4.6 require. Deutsche Bank reports that Mr. Miller served the summons and complaint on Foutty & Foutty, LLP, a law firm that isn't an agent authorized to receive service of process for the Bank, doesn't represent

the Bank in this matter, and hasn't been designated by the Bank to accept service of process. Mr. Miller hasn't refuted Deutsche Bank's claim or come forward with any evidence to show that he did comply with proper service requirements. *See* Iosello v. Lexington Law Firm, No. 03-C-987, 2003 WL 21920237, at *2 (N.D. Ill. Aug. 12, 2003) ("Once a defendant has challenged the sufficiency of service of process with a motion to dismiss under Fed. R. Civ. P. 12(b)(5), the burden is upon the plaintiff to make a prima facie showing that there was proper service."). Mr. Miller's *pro se* status doesn't excuse non-compliance with procedural rules. McMasters v. United States, 260 F.3d 814, 818 (7th Cir. 2001).

Federal Rule of Civil Procedure 4(h)(1) allows service on a party's authorized agent, but Foutty & Foutty, LLP is neither an officer, managing or general agent, or an employee or other agent authorized to accept service of process on behalf of defendant Deutsche Bank, so service of the summons and complaint on the law firm doesn't constitute proper service of process on Deutsche Bank. Mr. Miller's attempted service on defendant Deutsche Bank was ineffective.

Federal Rule of Civil Procedure 4(m) provides a 120-day time limit from the date a complaint is filed to properly serve the summons and complaint. Mr. Miller filed his complaint on November 30, 2009, so his time for achieving proper service hasn't passed. The court declines to dismiss his complaint at this time for improper service, but notes that dismissal might be proper if the complaint isn't properly served within the 120-day period. *See* FED. R. CIV. P. 4(m).

Because improper service is a threshold issue, Deutsche Bank's remaining argument that Mr. Miller's complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is premature. The Bank may renew its argument if Mr. Miller is able to effect proper service in the future.

Based on the foregoing, the court DENIES without prejudice Deutsche Bank's motion to dismiss [docket # 6].

SO ORDERED.

ENTERED:   February 4, 2010


   /s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: O. Miller
   D. Craig/M. Maslowski