UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ORVA E. MILLER, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 1:10-CV-2 RM |
| | ) |
| DEUTSCHE BANK NATIONAL TRUST, | ) |
| | ) |
| Defendant | ) |

OPINION and ORDER

Deutsche Bank National Trust has renewed its motion to dismiss Orva Miller's complaint for improper service, Federal Rule of Civil Procedure 12(b)(5), and for failure to state a claim upon which relief can be granted, Federal Rule of Civil Procedure 12(b)(6). Even though Mr. Miller, who is proceeding *pro se*, was advised of his obligation to respond to the motion on or before April 19, *see* Notice and Ord. of Apr. 5, 2010, he didn't respond, and the time for doing so has passed.

Deutsche Bank maintains Mr. Miller's service of his complaint on Foutty & Foutty, LLP doesn't qualify as proper service required by Federal Rule of Civil Procedure 4(h) and Indiana Rule of Trial Procedure 4.6 because the law firm of Foutty & Foutty, LLP isn't an agent authorized to receive service of process for the Bank, doesn't represent the Bank in this matter, and hasn't been designated by the Bank to accept service of process. Mr. Miller hasn't refuted Deutsche Bank's claim or come forward with any evidence to show that he complied with proper service requirements, *see* Iosello v. Lexington Law Firm, No. 03-C-987, 2003 WL

21920237, at *2 (N.D. Ill. Aug. 12, 2003) ("Once a defendant has challenged the sufficiency of service of process with a motion to dismiss under Fed. R. Civ. P. 12(b)(5), the burden is upon the plaintiff to make a prima facie showing that there was proper service."), nor has he requested additional time or shown good cause for not having done so. *See* United Consumers Club, Inc. v. Prime Time Mktg. Mgmt., Inc., No. 2:07-CV-358, 2009 WL 2762763, at *2 (N.D. Ind. Aug. 26, 2009) ("An extension of the Rule 4(m) period may be granted . . . if the plaintiff shows that process was not served to the defendant because of justifiable delay or excusable neglect.") Mr. Miller's *pro se* status doesn't excuse his failure to comply with procedural rules. McMasters v. United States, 260 F.3d 814, 818 (7th Cir. 2001).

Federal Rule of Civil Procedure 4(m) provides a 120-day time limit from the date a complaint is filed to properly serve the summons and complaint. Mr. Miller filed his complaint on November 30, 2009, and his time for achieving proper service has passed. Because improper service is a threshold issue, the court needn't address Deutsche Bank's remaining argument that Mr. Miller's complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Accordingly, the court GRANTS Deutsche Bank's renewed motion to dismiss [docket # 16] insofar as it seeks dismissal for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5), but DECLINES to award Deutsche Bank its costs. Mr. Miller's complaint is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

SO ORDERED.

ENTERED:  April 20, 2010 

                 /s/ Robert L. Miller, Jr. 
                Judge
                United States District Court

cc: O. Miller
    D. Craig/M. Maslowski